[Civ. No. 47136. Second Dist., Div. Five. Jan. 30, 1976.]

EVERETT T. MOORE et al., Plaintiffs and Appellants, v.
EVELLE J. YOUNGER, as Attorney General,
Defendant and Respondent.

**COUNSEL**

Lillick McHose & Charles, Anthony Liebig, Douglas S. Westwater, Kirkland & Ellis, William D. North and Tefft W. Smith for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and Carol Wendelin Pollack, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**KAUS, P. J.**—Motion to dismiss a pending appeal. Respondent Attorney General states the problem concisely: "Appellants take this appeal from the trial court's judgment *in their favor.*"

### BACKGROUND

Penal Code sections 313 through 313.5 make criminal the distribution of certain "harmful" materials to minors. The definition of "harmful matter" in section 313[1] is generally that set forth in *Roth* v. *United States,* 354 U.S. 476 [1 L.Ed.2d 1498, 77 S.Ct. 1304] and section 311, defining obscene matter.[2]

Section 313.1 makes it a misdemeanor for a "person who, with knowledge that a person is a minor, or who fails to exercise reasonable care in ascertaining the true age of a minor," to knowingly distribute "any harmful matter to the minor . . . ." Section 313.3 provides that it "shall be a defense" that the act charged "was committed in aid of legitimate scientific or educational purposes." Section 313.2 exempts from the chapter the parent or guardian of the minor.

Plaintiffs, described as "various California librarians and associations of librarians,"[3] filed a complaint for declaratory relief against the Attorney General, seeking a declaration that the "Harmful Matter statute" is unconstitutional both on its face and as applied to plaintiffs.

In January 1975, the trial court denied defendant's motion for summary judgment and granted plaintiffs' motion for summary judg-

---

[1]Section 313, subdivision (a): " 'Harmful matter' means matter, taken as a whole, the predominant appeal of which to the average person, applying contemporary standards, is to prurient interest, i.e., a shameful or morbid interest in nudity, sex, or excretion; and is matter which taken as a whole goes substantially beyond customary limits of candor in description or representation of such matters; and is matter which taken as a whole is utterly without redeeming social importance *for minors.* " (Italics added.)

[2]Plaintiffs do *not* contend that the statute is unconstitutional because it conflicts with the United States Supreme Court's latest definition of obscenity as set forth in *Miller* v. *California* (1973) 413 U.S. 15, 25-26, 37 [37 L.Ed.2d 419, 431-432, 438-439, 93 S.Ct. 2607]. (See *Bloom* v. *Municipal Court* (1976) 16 Cal.3d 71 [127 Cal.Rptr. 317, 545 P.2d 229]; *People* v. *Enskat,* 33 Cal.App.3d 900, 906 [109 Cal.Rptr. 433].)

[3]Individual plaintiffs Moore, Muller, Lake, Dane and Dollen are city, county, public school or university librarians. Plaintiffs American Library Association and California Library Association are comprised mostly of "librarians." Plaintiff Los Angeles Public Library Staff Association defines itself. Plaintiff Board of Library Commissioners of the City of Los Angeles "and certain of the individual plaintiffs and association members are responsible for the operation of public libraries. . . ."

ment "to the limited extent set forth hereinabove" and otherwise denied the motion. The ruling was incorporated in the judgment which provides:

"1. The court declares that it was the intention of the Legislature to provide librarians with exemption from application of the Harmful Matter Statute when acting in the discharge of their duties.

"2. The court declares alternatively that the availability and distribution of books at public and school libraries is necessarily always in furtherance of legitimate educational and scientific purposes . . . and accordingly, librarians are not subject to prosecution under the Harmful Matter Statute for distributing library materials to minors in the course and scope of their duties as librarians."

Plaintiffs appealed the judgment in their favor. Their opening brief had been filed when the Attorney General moved to dismiss. In essence, plaintiffs complain that the trial court's judgment does not adequately protect them: Ruling 2 only benefits librarians "at public and school libraries"; Ruling 1 is inadequate because, notwithstanding the trial court's explicit language that it was the Legislature's intention "to provide librarians with [an] exemption" from the application of the statute, the "exemption" imposes upon a librarian who may be prosecuted a constitutionally impermissible burden of proving his claim to the exemption.

## DISCUSSION

The question is whether plaintiffs are "aggrieved" within the meaning of section 902 of the Code of Civil Procedure which provides succinctly that "[a]ny party aggrieved may appeal . . . ." We recognize that a party is aggrieved by a judgment that is a victory in appearance only. Plaintiffs, however, have achieved all that they could expect as a result of their attack on the statute as librarians: The court held that it does not apply to them. Their arguments against the statute were advanced solely as and in behalf of librarians and on this appeal they have no standing to raise possible complaints of others. (See *County of Alameda* v. *Carleson,* 5 Cal.3d 730, 736-737 [97 Cal.Rptr. 385, 488 P.2d 953].) Granting that Ruling 2 does not benefit all librarians, any plaintiff who does not work for a public or school library is clearly protected by the far broader holding of Ruling 1 which immunizes all "librarians . . . when acting in the discharge of their duties" and thus provides the

"limiting construction" (*Dombrowski* v. *Pfister,* 380 U.S. 479, 491, fn. 7 [14 L.Ed.2d 22, 31, 85 S.Ct. 1116]) which protects plaintiffs as librarians.

Contrary to plaintiffs' assertions, nothing in the use of the phrase "exemption" in Ruling 1 suggests that if librarians are prosecuted they must establish their exemption defensively. *Speiser* v. *Randall,* 357 U.S. 513 [2 L.Ed.2d 1460, 78 S.Ct. 1332], on which they rely, makes clear that the problem there was not the veterans' property tax exemption as such, but the imposition of the burden of proof on the person claiming the exemption. Nothing in Ruling 1 justifies plaintiffs' fear that, in the event of a prosecution, a librarian would be required to shoulder any burden of proving his status as such. At most their complaint is that in ruling that none of the plaintiffs is subject to prosecution under the statute, the use of the word "exemption" was inartful. (Cf. *People* v. *Gallardo,* 41 Cal.2d 57, 61-62 [257 P.2d 29].)

 Plaintiffs' real grievance is that defendant did not appeal and that they therefore do not have an appellate opinion to vindicate their position. The Attorney General's submission to the judgment does not, however, make any plaintiff a "party aggrieved." (Code Civ. Proc., § 902.)

The motion to dismiss the appeal is granted.

Ashby, J., and Hastings, J., concurred.