27 Cal.Rptr. 853]

[Civ. No. 20386. First Dist., Div. Two. Jan. 17, 1963.]

CLYDE A. STEELE, as Administrator, etc., Plaintiff and Appellant, v. ROBERT HASH, Defendant and Respondent.

Hill & Dalton and Charles V. Moore for Plaintiff and Appellant.

(1)

Bronson, Bronson & McKinnon for Defendant and Respondent.

SHOEMAKER, J.—This is an appeal by Clyde Steele, as administrator of the estate of James D. Steele, from a judgment in favor of the defendant, Robert Hash, in a wrongful death action.

The accident resulting in Steele's death occurred on December 5, 1958, while he was riding as a passenger in the automobile of one Ralph Adams. On the morning of the accident, Adams and Steele were proceeding across Highway 299, a four-lane freeway, at its intersection with Arlington Road. The Adams car had crossed the two northbound lanes and was proceeding on through the two southbound lanes when it was struck by a southbound car driven by defendant Robert Hash. Adams never saw the Hash car prior to the collision.

Steele died as a result of his injuries, on the day following the accident. His father was subsequently appointed administrator of his estate, and commenced the instant action. Although Adams and Hash were both named as defendants in the complaint, Adams paid the plaintiff $2,500 prior to trial and the plaintiff thereafter dismissed the action, with prejudice, as to defendant Adams. The cause then proceeded to trial against defendant Hash only, which resulted in a verdict and judgment in his favor.

Appellant raises no question as to the sufficiency of the evidence to support the judgment. His sole argument for reversal is that the court erred in admitting evidence, over the objection of appellant, of the amount which Adams had paid appellant prior to the trial, and particularly in instructing the jury with respect thereto, as follows: "You are further instructed that a co-defendant has paid the plaintiff two thousand dollars in settlement. This amount should be deducted by you from the verdict, if you should find for the plaintiff."[1]

■ Appellant concedes that under California law any amount paid by one joint tortfeasor in return for a release,

[1] It may be noted that the court instructed the jury to reduce its verdict only to the extent of $2,000, whereas the testimony at the trial indicated that Adams had paid appellant $2,500. The reason for this discrepancy does not appear in the record. However, even if it be assumed that the instruction was erroneous in this regard, the error was favorable to appellant.

dismissal with or without prejudice, or covenant not to sue or enforce judgment, operates to reduce pro tanto the amount of damages which the plaintiff may recover against the other joint tortfeasors (Code Civ. Proc., § 877). ██ It is appellant's position, however, that evidence that a plaintiff has given a release to one tortfeasor in consideration of a specific sum of money ought not to be given the jury. Appellant urges that the jury cannot help but view such evidence as "a possible evaluation" of the plaintiff's cause of action, and may well conclude that the plaintiff, having already received what he must have considered adequate compensation, is entitled to no further damages from the other tortfeasors. Appellant claims that the proper procedure is for the court to withhold evidence of prior payments from the jury, allow them to arrive at a verdict, and thereafter reduce that verdict by the amount of the payments previously made to the plaintiff. Appellant contends that the court's failure to utilize this procedure in the present case resulted in an ambiguous verdict because it is impossible to ascertain whether the verdict for respondent was based upon a finding that respondent was not liable or a finding that appellant had suffered no damages in excess of the sum already paid him by Adams.

Appellant's contention is untenable for several reasons. First, there is no basis whatever for appellant's claim that the verdict is ambiguous. The jurors were specifically instructed that they were to resolve the issue of respondent's liability prior to determining the amount, if any, of appellant's damages. In the event they found no actionable negligence on respondent's part, they were instructed to return a verdict in his favor and end their deliberations at that point. In view of these instructions, it must be presumed that the jury followed them and that the verdict for respondent was the result of a finding that his negligence was not the proximate cause of the accident. Had the jury concluded, as appellant asserts, that respondent was guilty of actionable negligence but that appellant had already been amply compensated for his damages, it is apparent that they would have returned a verdict in appellant's favor even if no damages were awarded.

Secondly, appellant's contention that the court ought to have treated the question of a prior settlement or release as a question of law finds no support in the authorities. Ap-

pellant has been unable to cite one decision indicating that a trial court is empowered to withhold certain evidence from the jury, allow them to arrive at a verdict, and thereafter reduce that verdict on the basis of evidence which the jury was not permitted to consider. To the contrary, the California cases have repeatedly stated that the question is one for the jury. In *Laurenzi* v. *Vranizan* (1945) 25 Cal.2d 806 [155 P.2d 633], it was contended that the court had erred in admitting evidence that one of the defendants, prior to dismissal from the action, had paid the plaintiff $3,175 in return for a covenant not to sue. The court stated, ''Since the plaintiff can have but one satisfaction, evidence of such payments is admissible for the purpose of reducing *pro tanto* the amount of the damages he may be entitled to recover.'' (P. 813.) In *Reeder* v. *Hoag* (1958) 158 Cal.App.2d 41, 43 [321 P.2d 793], the court approved a jury instruction that any verdict in favor of the plaintiff must be reduced by the amount which one of the defendants had paid the plaintiff before trial in consideration of a covenant not to execute. In the recent case of *Wiley* v. *Easter* (1962) 203 Cal.App.2d 845, 857-858 [21 Cal.Rptr. 905], the court made reference to the rule set forth in the *Laurenzi* and *Reeder* cases, and stated that the jury ''had a right to know'' of any amounts paid by one tortfeasor in return for a covenant not to sue, despite the fact that evidence of such a settlement might seem to the jury like an admission of liability.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.