[Civ. No. 27614.   Second Dist., Div. Three.   Mar. 3, 1965.]

BABA CSERI, Plaintiff and Respondent, v. ROSE D'AMORE, Defendant and Appellant.

Betts & Loomis and Royal M. Miller for Defendant and Appellant.

Lindholm & Piser and Stanley P. Piser for Plaintiff and Respondent.

SHINN, P. J.—Appeal by defendant D'Amore from a judgment on verdict in favor of plaintiff for damages suffered in an automobile accident. Plaintiff was a passenger in a car driven by Mrs. Barker which collided at an intersection with a car driven by appellant. Plaintiff sued D'Amore and Mrs. Barker. Upon the eve of the trial Mrs. Barker paid $9,500 in settlement of her liability to Cseri and was dismissed from the case as a defendant in the Cseri complaint.

The time of the accident was about 2 a.m. The location was in Los Angeles at or in the intersection of Laurel Canyon Boulevard and Canton Drive. Both cars had been traveling south on Laurel Canyon Boulevard. Appellant was alone in her car, a white Thunderbird.

The substance of the testimony of appellant (called under Code Civ. Proc., § 2055) was that she entered the intersection of Canton Drive, an east and west street, and was stopped to make a left-hand turn when her car was struck in the rear by the Barker car.

Plaintiff's theory as developed in her testimony was that the D'Amore car overtook and passed the Barker car on the right side, pulled in front of it and slowed down or stopped part way into the intersection. Mrs. Barker did not testify.

■ The first contention of appellant to be considered is that there was no evidence of her negligence other than the testimony of plaintiff, and that it was insufficient to justify a finding of negligence. We do not find it insufficient. The damage to cars and their positions after the collision indicated that the right rear of appellant's car was struck by the left front of the Barker car when both cars were in the second lane from the right-hand curb. Plaintiff testified that she was seated in the passenger seat looking straight ahead and saw out of the corner of her eye a "white flash" which she believed to be a white car passing on her right. She had been in this country about four years and had imperfect but adequate command of her English. Time and again in describing what she saw, she said it was a "big white flash" or "a big bright flash." She was questioned on cross-examination as follows: "Q. Now, was this white flash a light or was it actually a car?" and she answered, "It is a car. Q. You distinctly saw a car? A. Yes, it is . . . . Q. You never saw the car move in front of your car, did you? A. I know is pulling there, because then I just yell and I say 'Stop,' or 'Be careful,' or something like that. . . . Q. Isn't this just an impression of your thoughts on the matter, rather than what you actually saw? A. No." Giving full credit to plaintiff's description of the occurrence the jury could have believed, and apparently did believe, that just before the accident happened a white car passed the Barker car on the right, pulled in front of it and slowed down or stopped. This was sufficient as evidence of appellant's negligence.

■ In the complaint, which was unverified and unsigned by plaintiff, Mrs. Barker was alleged to have been intoxicated. Her deposition was taken by plaintiff; she did not appear at the trial. At the commencement of the trial it was disclosed to the court and to appellant's attorney in chambers that plaintiff's claim against Mrs. Barker had been compromised for $9,500. The attorney for appellant had not been advised of this settlement and when he learned of it he moved to amend his answer. His purpose was to permit evidence of the settlement to be produced for the jury, and that it be instructed that the damage found to have been sustained by plaintiff should be reduced in the verdict by the amount of the settlement. Upon the statement of plaintiff's attorney that if the verdict should be returned for the full amount of plaintiff's damage credit should be given for the sum that had been paid by Mrs. Barker, the court denied appellant's motion to amend

her answer and ruled that the matter should not be made known to the jury and was not to be alluded to during the trial. The ruling is assigned as error.

It has been held in cases of joint tortfeasors that where a settlement has been made with one defendant which would reduce *pro tanto* the amount of liability of another defendant, the fact of the settlement is properly made known to the jury with an instruction that the amount of the settlement should be deducted from the total amount of damage found to have been sustained by plaintiff. (*Steele* v. *Hash,* 212 Cal.App.2d 1 [27 Cal.Rptr. 853]; *Hanley* v. *Lund,* 218 Cal.App.2d 633 [32 Cal. Rptr. 733]; *Reeder* v. *Hoag,* 158 Cal.App.2d 41 [321 P.2d 793]; *Laurenzi* v. *Vranizan,* 25 Cal.2d 806 [155 P.2d 633]; *Wiley* v. *Easter,* 203 Cal.App.2d 845 [21 Cal.Rptr. 905].)

The point decided in those cases was that it was not error to follow that practice. Appellant contends that a double recovery by a plaintiff can be avoided only by means of the verdict, itself, and says ''The settlement with defendant Barker was a question of fact and the trial court's unwarranted withholding of the evidence from the jury constituted prejudicial error.''

If it is admitted that a settlement has been made with one or more joint tortfeasors in a certain amount there is no factual question to be resolved by the jury respecting the settlement. If the jury is not permitted to make the deduction which the law requires, the verdict will be excessive and the court will be required to reduce it either with or without the consent of the plaintiff. Section 877, Code of Civil Procedure. provides that claims against joint tortfeasors shall be so reduced if there has been a partial settlement.

Appellant does not tell us how she was prejudiced by the ruling, and we are not able to find prejudice. Appellant's defenses were that she was not negligent and that plaintiff was guilty of contributory negligence. The fact that Mrs. Barker had discharged her liability to plaintiff was not relevant to those issues. The mere fact that she had made a settlement did not tend to prove that she was guilty of negligence, intoxication or willful misconduct or that her conduct was the sole cause of the accident. It only provided an occasion for the court to apply the law as declared in section 877. The ruling was not erroneous.

Plaintiff had taken the deposition of Mrs. Barker. When it was disclosed that she had settled with plaintiff, and was not present at the trial, appellant's attorney apparently as-

sumed that the deposition could not be introduced as one given by a party (Code Civ. Proc., § 2016, subds. (a), (d) (2)) and undertook to lay a foundation for its use as that of a nonparty (§ 2016, subd. (d) (3)). He immediately contacted his investigator and instructed him to obtain and serve upon Mrs. Barker a subpoena requiring her immediate attendance at the trial. The subpoena was issued, the investigator endeavored to serve it and was unable to find Mrs. Barker before the conclusion of the trial. These facts were stated to the court and were not controverted. Appellant then offered to introduce in evidence portions of the deposition. The offer was objected to and was refused by the court. The ruling was apparently upon the ground of lack of diligence in attempting to subpoena Mrs. Barker prior to the trial.

The refusal to permit the reading of portions of the deposition was error. It was not necessary to decide whether the deposition was admissible as one given by a party who had been dismissed from the action as a defendant and we express no opinion upon that point. Under the circumstances appellant had a right to read the portions of the deposition that were material to the issues, when it was shown that the witness was not available. Appellant had no reason to subpoena Mrs. Barker as a codefendant in order to compel her presence at the trial. All that was desired was to read portions of her deposition and for this purpose her presence was unnecessary. (*Hurtel* v. *Albert Cohn, Inc.,* 5 Cal.2d 145 [512 P.2d 922].) There was no reason to anticipate that the action would be dismissed against her and that the use of the deposition would be refused for that reason. The ground of the court's ruling appears to have been that due diligence to subpoena Mrs. Barker prior to the trial was required to be shown as in the case of a witness not a party to the action. But appellant had no such duty. She had a right to expect that Mrs. Barker would either be present at the trial or that she could use her deposition. It was only when she failed to appear that it became evident that the use of the deposition was her only recourse. It was not denied at the trial and is not denied here that a bona fide and diligent effort was made to subpoena Mrs. Barker as soon as appellant learned that she would not be present. Through no fault of her own appellant was denied any benefit she could have derived from the use of the deposition.

At the time of the motion for a new trial the deposition was made a part of the record. In Mrs. Barker's version of

the accident, related in her deposition, there was no corroboration of the testimony of plaintiff as to some of the material facts. Mrs. Barker did not see any car passing her as she came down Laurel Canyon Boulevard; she did not see any car ahead of her, nor did she have any recollection whether the car she struck was moving or standing still. She had the same opportunity plaintiff had to observe all of the conditions surrounding the accident. It could have been argued that if a car had passed her and pulled in front of her she would have seen it and also that because of her failure to see the D'Amore car before she struck it her testimony failed to contradict appellant's description of the accident.

In her deposition Mrs. Barker testified that during the evening hours she had had several drinks, namely: three Black Russians, a glass of wine, a bottle of Champale, and perhaps another alcoholic drink, all in the company of plaintiff. If Mrs. Barker was intoxicated, and if plaintiff was aware of that fact, it had a bearing upon the possible contributory negligence of plaintiff, which was one of appellant's defenses. The refusal to permit appellant to read from the deposition was clearly prejudicial and requires reversal of the judgment.

There are other assignments of error but, inasmuch as the judgment must be reversed, we shall express our views upon them without extended discussion.

█ Immediately after the accident Mrs. Barker was interviewed by a police officer. He was questioned by appellant whether he had given Mrs. Barker some tests. Assuming tests may have been made for intoxication, the court sustained an objection to the question. This was error. As previously shown, the question was upon a material issue. However, we do not regard the error as prejudicial. No offer of proof was made and it may be that the officer did not believe Mrs. Barker to be intoxicated. If upon a retrial a proper foundation is laid for the testimony of the officer it should be permitted.

█ In the complaint, which was unsigned and unverified by plaintiff, Mrs. Barker was charged with intoxication, which was alleged to have been a proximate cause of the accident. Plaintiff testified to the opinion that Mrs. Barker was not intoxicated. She was questioned by appellant concerning her knowledge of the allegation in the complaint of Mrs. Barker's intoxication. Plaintiff objected to the question and the objection was sustained. The ruling is justified by plaintiff for the reason that the complaint was not verified and therefore

could not be treated for the purpose of impeachment as an assertion made by plaintiff. We think this was too narrow a view to be taken of the matter. Assertion of a fact need not be expressed in spoken words. It may be asserted by silent acquiescence in the statement of another. It was alleged by appellant as a special defense that plaintiff was guilty of contributory negligence in that she rode with Mrs. Barker knowing her to be intoxicated. It was a material issue upon which impeachment was proper. Plaintiff should have been required to answer whether she knew the complaint accused Mrs. Barker of intoxication.

The judgment is reversed.

Ford, J., and Kaus, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 28, 1965.