[Civ. No. 39696. Second Dist., Div. Five. Nov. 28, 1972.]

MARGARETE SHEPHERD, Plaintiff and Appellant, v.
WAYNE EUGENE WALLEY, Defendant and Respondent.

## COUNSEL

Hirson & Horn, Alan Salkow and Theodore A. Horn for Plaintiff and Appellant.

Martin & Stamp and Lloyd V. Stamp for Defendant and Respondent.

## OPINION

ASHBY, J.—Appellant Margarete Shepherd and her husband, John Shepherd, sued respondent Wayne Eugene Wally, Arlie William Prowant, and Peter Luna Espinoza for personal injuries and property damage sustained in an automobile collision. By various dismissals prior to commencement of trial all of the defendants, other than respondent Wally, were dismissed from the action, and coplaintiff, John Shepherd, dismissed his causes of action. The jury returned a defense verdict, and Mrs. Shepherd appeals from the resulting judgment contending that the trial court committed prejudicial error in admitting evidence of a compromise settlement made with defendant Prowant, and in refusing to instruct the jury on the effect of circumstantial evidence.

The vehicles involved in this accident were traveling southbound on the Long Beach Freeway at approximately 3 p.m. on a clear but windy day. Appellant was a passenger in an automobile owned and driven by her husband in lane number 3 of said four-lane freeway. The Espinoza vehicle was in lane number 2 to the rear of the Shepherd automobile. The Prowant car was traveling in lane number 4 somewhat forward of the other cars.

Suddenly the Prowant vehicle made a skidding turn to the left and stopped at a diagonal in lane number 3 immediately ahead of the Shepherd vehicle. John Shepherd swung his vehicle to his left and applied his brakes, thereby spinning around and striking the Espinoza car which had been proceeding in lane number 2.

Prowant testified that just before the collision he observed a vehicle stopped on the shoulder ahead of him which then entered onto the main travelled portion of lane number 4. Almost simultaneously, Prowant's view of the area in front of him was obscured by a piece of plywood which came flying over the hood of his car and caused him to apply his brakes and skid to the left.

Don Rowlands testified that he witnessed the accident from his front porch about 75 feet away. He said that prior to the accident he saw a Chevrolet owned by respondent parked on the shoulder of the freeway at the spot where Prowant placed the vehicle, and that the driver was going repeatedly onto the freeway to retrieve pieces of plywood which he later saw stacked alongside the left rear of the Chevrolet. The witness then returned to his house, and shortly thereafter his attention was attracted to the freeway by the noise of squealing tires. He saw the Wally vehicle moving southbound in lane number 4 immediately prior to seeing the Prowant car skid. Within moments thereafter he heard the impact of collision and concerned himself with taking down the license number of the Wally car which continued down the freeway. Rowlands gave this information to the California Highway Patrol.

The defense at trial was that the sheet of plywood that caused the collision did not come from the Wally car, or that Prowant himself was the responsible party. The respondent testified that he merely stopped to clear the wood from the freeway and to check his car for damage, but that the wood was not his and that he did not load it onto his car. He did, however, admit that his car had a rack on top with ropes attached.

The defense made use of Prowant's testimony to the effect that the vehicle that he saw stopped on the shoulder was "some kind of a truck, a pickup truck. It was a small truck." This truck was described as having

a rack with plywood on it. Prowant testified that he did not observe any other vehicle stopped on the shoulder other than the one he mentioned.

The claim of appellant against defendant Prowant had been settled for the sum of $3,000 shortly prior to the commencement of the trial on the basis of a covenant not to sue. At a conference in chambers, counsel for plaintiff offered to stipulate to the fact of the settlement for the purpose of reducing any recovery that the jury might award the plaintiff, but he moved to exclude evidence of the amount of settlement.

The court denied the motion and permitted the introduction of the settlement evidence.[1]

Respondent argues, as he did in the trial court, that evidence of the settlement and its amount is admissible under *Laurenzi* v. *Vranizan,* 25 Cal.2d 806, 813 [155 P.2d 633], *Steele* v. *Hash,* 212 Cal.App.2d 1, 2-4 [27 Cal.Rptr. 853], and *Wiley* v. *Easter,* 203 Cal.App.2d 845, 858 [21 Cal.Rptr. 905].

We do not agree. Under Code of Civil Procedure section 877, and the cases cited by respondent, evidence of settlement is admissible for the purpose of reducing *pro tanto* the amount of any judgment which might have been obtained against him by appellant in the trial court. But appellant conceded the fact and the amount of settlement. There were no factual questions with regard to the settlement for the jury to decide. The *pro tanto* reduction required by Code of Civil Procedure section 877 was a matter of mere arithmetic. Where the purpose of introducing evidence of a settlement is to reduce any recovery that might be awarded *pro tanto,*[2] this result can be achieved by a simple calculation made by the court after the verdict has been rendered. Such a method was used with approval in *Cseri* v. *D'Amore,* 232 Cal.App.2d 622 [43 Cal.Rptr. 36], *Williams* v. *Stauffer Chemical Co.,* 146 Cal.App.2d 322 [304 P.2d 141], and was required in *Albrecht* v. *Broughton,* 6 Cal.App.3d 173 [85 Cal.Rptr. 659].

*Albrecht* is squarely in point. In that case the plaintiff admitted the fact

---

[1]The court also denied appellant's request for a BAJI (5th ed.) No. 14.64 which advises the jury that a settlement has been reached with a particular named joint tortfeasor, and that the court will deduct the amount of that settlement from the amount of any verdict awarded by them.

[2]We are not unaware of the fact that evidence of the fact and amount of settlement made by appellant with Prowant might be admissible under proper limiting instructions for the purpose of showing bias since he was a witness. (*Zelayeta* v. *Pacific Greyhound Lines,* 104 Cal.App.2d 716, 729 [232 P.2d 572].) However, the evidence of settlement was not used for impeachment of Prowant at the trial and so we see no value in speculating on its possible application in a retrial.

and amount of his settlement with one of the defendants. Nevertheless, the trial court permitted evidence of the settlement to be presented to the jury. The Court of Appeal held that the admission of evidence of the settlement was reversible error. ▆ As in *Albrecht,* the evidence of liability in the instant case was sharply conflicting. Therefore, if the evidence is as conflicting on retrial as it was in the first trial, neither the fact nor the amount of settlement should be presented to the jury.

The presentation of evidence concerning the amount or fact of settlement to the jury, in such a case, is not only confusing, but also can lead to abuse in argument as it did here. The defense counsel clearly used evidence of the fact of settlement for an improper purpose. (*People* v. *Love,* 56 Cal.2d 720, 730 [16 Cal.Rptr. 777, 17 Cal.Rptr. 481, 366 P.2d 33, 809]; *People* v. *Purvis,* 56 Cal.2d 93, 99 [13 Cal.Rptr. 801, 362 P.2d 713].) Defense counsel got carried away during final argument and argued the evidence concerning the dismissal and the settlement for the purpose of showing that respondent was not liable for the accident. "Now, Mr. Prowant was formerly a defendant, and he settled with the plaintiff. She has been paid by him and dismissed him from the suit. I think that gives us a pretty good idea of who the plaintiff thinks was responsible and liable. Nothing Mr. Wally did caused this accident and nothing he did should cause you to find him liable."

In *Granville* v. *Parsons,* 259 Cal.App.2d 298, 303-304 [66 Cal.Rptr. 149], evidence of the fact of a settlement made by the plaintiff with a witness in an automobile accident case was admitted for the purpose of impeaching the credibility of the settling witness. The Court of Appeal reversed the defense judgment based on the jury verdict because the defense counsel, with words remarkably similar to those of respondent's counsel, used the evidence of settlement to argue liability. "Had defense counsel, in his argument, confined himself to the limited purpose for which the evidence was admissible he would have been within his rights, but no such thing happened. Before the portion of the closing argument which we have quoted he was arguing proximate cause. He made the point that if Parsons had not hit the Burris car he would not have been in the accident, would not have been a defendant, but that Short would have done precisely the same thing as he did. Then came the clincher: 'They know who was the guilty party in this accident because you heard that Mr. Short was a defendant in this action and settlement . . . .' "

All of the cases which permit the introduction of evidence of the fact and amount of settlement with a joint tort-feasor specifically hold that the evidence is relevant for the purpose of reducing *pro tanto* the award made

by the jury. The use of such evidence to argue liability where liability is a disputed issue is clearly prejudicial error.

Appellant's next assignment of error is the court's refusal to give BAJI (5th ed.) No. 2.00[3] concerning the effect of circumstantial evidence in view of the fact that no curative instruction was given. Both appellant and respondent submitted this instruction, and the court rejected it on its own motion.

■ It is our view that the evidence clearly called for such an instruction. However, since the judgment is being reversed on other grounds, we need not decide whether or not this refusal was prejudicial. The question of whether the flying plywood, which contributed to the collision between the Espinoza car and the Shepherd car, came from defendant's car depended for its answer in large part on whether or not the jury could consider circumstantial evidence.

Mr. Prowant had seen plywood on the rack on top of the vehicle parked on the shoulder, but he did not actually see it fly off the vehicle as it commenced moving onto the freeway. Mr. Rowlands saw defendant carrying and stacking the plywood but he did not see the plywood fly off defendant's car.

The trial court refused the instruction because it felt that there was no substantial evidence to the effect that the plywood came from defendant's car. We disagree. Although Mr. Prowant testified that the vehicle that he saw on the shoulder was "some kind of pick-up truck" he did not have much time to observe it, and a car with a rack and plywood stacked beside it can be mistaken for a small truck. In addition, Prowant testified that he saw only one vehicle and witness Rowlands testified that he saw defendant's car at that very spot and time. This conflicting evidence should be

---

[3]"BAJI 2.00

"DIRECT AND CIRCUMSTANTIAL EVIDENCE—INFERENCES

"Evidence may be either direct or circumstantial. It is direct evidence if it proves a fact, without an inference, and which in itself, if true, conclusively establishes that fact. It is circumstantial evidence if it proves a fact from which an inference of the existence of another fact may be drawn.

"An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence.

"The law makes no distinction between direct and circumstantial evidence as to the degree of proof required; each is accepted as a reasonable method of proof and each is respected for such convincing force as it may carry."

passed upon by a jury properly instructed concerning direct and circumstantial evidence.

The judgment is reversed.

Stephens, Acting P. J., and Cole, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.