[Civ. No. 23254. Third Dist. May 30, 1985.]

RICHARD E. SYVERSON, Plaintiff and Respondent, v.
STEPHEN ANDERS HEITMANN, Defendant and Appellant.

**COUNSEL**

Richard E. Good for Defendant and Appellant.

Bourhis, Lawless & Harvey, Anne T. Harvey and Barbara Lawless for Plaintiff and Respondent.

**OPINION**

**CARR, J.**—This is an appeal by defendant Stephen Heitmann from a judgment entered after a jury found him liable to plaintiff Richard Syverson for personal injuries and assessed damages in the amount of $100,000. Prior to trial plaintiff had settled with other codefendants for the sum of $100,000. Defendant contends (1) the judgment must be modified to state that plaintiff take nothing from defendant as the verdict award is completely offset by the amount plaintiff received in settlement with other defendants; and (2) since the award is completely offset, defendant is the "prevailing party," entitling him to an award of costs. Plaintiff asserts he is the prevailing party for purposes of costs and further that he is entitled as costs those sums paid for the services of expert witnesses. Defendant's first contention has merit. We disagree, however, that he is the "prevailing party" and shall reverse with directions to correct the judgment with respect to damages and shall remand to the trial court with directions to determine the recoverable costs of plaintiff and to award him those costs.

We observe initially that this case is before us on an appeal from the judgment which appeal notice was filed when motions by defendant to vacate the judgment and to tax plaintiff's costs and by plaintiff to tax defendant's costs were pending undetermined in the trial court.

### PROCEDURAL BACKGROUND

On January 18, 1980, plaintiff filed his complaint for personal injuries arising out of an automobile accident, naming as defendants Stephen Heitmann (driver of the automobile in which plaintiff was a passenger when

injured), Shell Oil Company, D. C. Bathco (a corporation), and Firestone Tire & Rubber Company.

On August 18, 1982, pursuant to Code of Civil Procedure section 998, plaintiff made a written offer of settlement to all defendants for $100,000, each party to bear its own costs.[1] On February 11, 1983, Shell Oil Company and Firestone Tire & Rubber Company entered into a settlement, agreeing to pay plaintiff $100,000 in exchange for release of plaintiff's claims against them. On April 1, 1983, the complaint was dismissed as to these defendants.

The action proceeded to jury trial against defendant Heitmann.[2] On May 17, 1983, the jury found for plaintiff and against defendant and set damages at $100,000. Following the verdict, defendant's counsel asked the court to reduce the verdict award to zero before entering judgment to reflect credit for the amount paid under the settlement agreement.[3] Plaintiff's counsel stipulated that plaintiff had reached a pretrial settlement with Shell and Firestone in the amount of $100,000 and does not deny in this appeal that defendant is entitled to that offset. The court refused to modify the verdict, treating the settlement as a matter of "mechanics" to be worked out by counsel at a later time and entered judgment against defendant in the sum of $100,000.

Following entry of judgment, plaintiff filed a memorandum of costs and disbursements, including costs for expert witnesses and consultants. Thereafter, defendant filed a memorandum of his costs and disbursements. On June 2, 1983, defendant filed a motion to vacate the judgment and to enter a judgment reflecting the credit for the pretrial settlement. On June 6, defendant filed a motion to tax plaintiff's costs. Plaintiff responded with a motion to strike defendant's cost bill and to tax defendant's costs.

---

[1] Code of Civil Procedure section 998, subdivision (b), provides: "Not less than 10 days prior to commencement of the trial as defined in subdivision 1 of Section 581, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. If such offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly. If such offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial."

[2] The record does not reveal what happened to defendant D. C. Bathco.

[3] Code of Civil Procedure section 877 provides, in relevant part: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—[¶] (a) It shall not discharge any other such tortfeasor from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater; . . ."

All motions were consolidated and argued by counsel on June 27, 1983, and the court took them under submission. On August 30, 1983, before the court ruled on the motions, defendant filed notice of appeal from the judgment, as the time for appeal was to expire the following day.[4]

## DISCUSSION

### I

■ Defendant contends the court should have reduced the jury's award by the amount plaintiff received in settlement and entered a judgment that plaintiff take nothing from defendant by way of damages. Plaintiff does not dispute that defendant is entitled to credit for the pretrial settlement, but contends the proper means of accounting for the settlement is by an acknowledgment of partial satisfaction of judgment following entry of judgment in the amount of the jury verdict. (See Code Civ. Proc., §§ 724.110, 724.120.)

We agree with defendant. Code of Civil Procedure section 877 "requires that a *judgment* be reduced by amounts paid by settling joint tortfeasors." (*Jaramillo* v. *State of California* (1978) 81 Cal.App.3d 968, 971 [146 Cal.Rptr. 823]; italics added; see also, *Cseri* v. *D'Amore* (1965) 232 Cal.App.2d 622, 625 [43 Cal.Rptr. 36].) Where a plaintiff's settlement completely offsets the damages assessed against a nonsettling joint tortfeasor, it reduces the judgment to zero by operation of law. (*Schlauch* v. *Hartford Accident & Indemnity Co.* (1983) 146 Cal.App.3d 926, 930, fn. 2 [194 Cal.Rptr. 658].)

The amount of reduction in an award to which a defendant is entitled because of payments made under a pretrial settlement is a question of fact. (*Albrecht* v. *Broughton* (1970) 6 Cal.App.3d 173, 177 [85 Cal.Rptr. 659].) In an early case, our Supreme Court held "evidence of such payments is admissible for the purpose of reducing *pro tanto* the amount of damages [plaintiff] may be entitled to recover." (*Laurenzi* v. *Vranizan* (1945) 25 Cal.2d 806, 813 [155 P.2d 633].) Several cases since the enactment of section 877 (Stats. 1957, ch. 1700, p. 3076) have approved of the practice of submitting evidence of the pretrial settlement to the jury with instructions

---

[4]Notice of entry of judgment was mailed by the clerk of the court on May 19, 1983. However, defendant filed his motion to vacate the judgment on June 2, 1983. Pursuant to rule 3(b) of California Rules of Court, when a valid notice of intention to move to vacate a judgment is filed within the time for filing a notice of appeal, "the time for filing the notice of appeal . . . is extended . . . until the earliest of 30 days after entry of the order denying the motion to vacate; or 90 days after filing the first notice of intention to move to vacate the judgment; or 180 days after entry of the judgment." The applicable period was 90 days, which would expire on August 31, 1983.

to reduce the verdict awarded against the defendant by the amount paid in settlement. (See *Helling* v. *Lew* (1972) 28 Cal.App.3d 434, 440 [104 Cal.Rptr. 789]; *Hanley* v. *Lund* (1963) 218 Cal.App.2d 633, 642 [32 Cal.Rptr. 733]; *Magee* v. *Wyeth Laboratories, Inc.* (1963) 214 Cal.App.2d 340, 358-359 [29 Cal.Rptr. 322]; *Steele* v. *Hash* (1963) 212 Cal.App.2d 1, 3-4 [27 Cal.Rptr. 853]; *Reeder* v. *Hoag* (1958) 158 Cal.App.2d 41, 43 [321 P.2d 793]; see also BAJI No. 14.63 (6th ed. 1977) p. 625.) Instructions also are provided for informing the jury of the settlement but providing that the court will reduce the jury's verdict by the amount of the settlement. (BAJI No. 14.64 (6th ed. 1977) p. 627.)

Other cases have disapproved of bringing the settlement to the attention of the jury where the fact and amount of the settlement is conceded by the plaintiff. In such a case, "there is no factual question to be resolved by the jury respecting the settlement." (*Cseri* v. *D'Amore, supra,* 232 Cal.App.2d at p. 625.) When the plaintiff stipulates to the fact and amount of settlement before the court, an approved procedure is for the court to reduce the verdict award by the amount paid in settlement before entering judgment on the verdict. (*Self* v. *General Motors Corp.* (1974) 42 Cal.App.3d 1, 13 [116 Cal.Rptr. 575]; *Shepherd* v. *Walley* (1970) 28 Cal.App.3d 1079, 1082 [105 Cal.Rptr. 387]; *Albrecht* v. *Broughton, supra,* 6 Cal.App.3d at p. 177; see *Waite* v. *Godfrey* (1980) 106 Cal.App.3d 760, 776 [163 Cal.Rptr. 881], where the appellate court modified the judgment by reducing the damages by the amount of a pretrial settlement, and as so modified affirmed.)

This procedure was followed in the case at bar. Defendant properly raised the issue of the settlement after trial but before judgment by objecting to entry of judgment in the full amount of the damages returned in the verdict. (*Knox* v. *County of Los Angeles* (1980) 109 Cal.App.3d 825, 834-835 [167 Cal.Rptr. 463].) Plaintiff's counsel stipulated in open court that settlement was reached with Firestone and Shell for $100,000. Defendant was then entitled to a reduction of the verdict award by that amount and entry of judgment reflecting this reduction.

Plaintiff cites no authority for his contention that credit for the settlement should be given through a satisfaction of judgment and we have found no California cases on this point. There is precedent in other jurisdictions for allowing credit to be obtained by means of a postjudgment petition or a proceeding to restrict execution of the judgment. (*Hardin* v. *New York Central Railroad Company* (1960) 145 W.Va. 676 [116 S.E.2d 697]; *Gillespie* v. *Brewer* (Miss. 1942) 10 So.2d 197; *Brown* v. *Norfolk Southern R. Co.* (1935) 208 N.C. 423 [181 S.E. 279]; *New River & Pocahontas Consolidated Coal Co.* v. *Eary* (1934) 115 W.Va. 46 [174 S.E. 573]; see Annot., Manner of Crediting One Tortfeasor With Amount Paid by Another for

Release or Covenant Not to Sue (1964) 94 A.L.R.2d 352.) In each of these cases, however, the fact of the settlement was not raised prior to judgment, either by presenting it to the jury or to the court, or the defendant was unaware of the settlement prior to judgment. We offer no opinion as to whether a proceeding for satisfaction of judgment would be proper in this state in such a case. However, when, as here, the fact and amount of a prior settlement is stipulated to following the verdict but before the entry of judgment, defendant is entitled to a judgment in an amount which reflects credit for the payment received by plaintiff in settlements from cotortfeasors prior to trial.

We shall remand the case with instructions to reduce the verdict award by the amount received in settlement and to reenter judgment reflecting this reduction.

## II

■ The primary issue, as noted, is the effect of reducing a judgment by settlement offsets to zero on the entitlement to costs. Under Code of Civil Procedure section 1032, "costs are allowed of course: [¶] (a) [t]o a plaintiff upon a judgment in his favor: . . . in an action for the recovery of money or damages; . . . [¶] (b) [t]o the defendant upon a judgment in his favor . . . ." Defendant asserts he received "a judgment in his favor" within the meaning of section 1032 as he is entitled to complete offset against the damages award. Plaintiff contends that, while he will not recover damages from defendant, he received a favorable verdict with respect to liability, entitling him to costs. We agree with plaintiff.[5]

The issue before us was decided in favor of plaintiff's position by the Court of Appeal for the Second District, Division Five, in *Ferraro* v. *Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33 [162 Cal.Rptr. 238], in which the plaintiffs' property was destroyed by an explosion caused when a gas service connection was pulled loose by a backhoe operator laying an electrical line. Plaintiffs received certain insurance proceeds and also settled with the electric utility and the contractor. In the suit against the gas company, plaintiffs received a favorable verdict, but the net judgment was zero after offset deductions were made for insurance proceeds and the settlement. The trial court awarded plaintiffs their costs.

---

[5]The trial court did not rule on the parties' costs motions by the time this appeal was filed. However, we are confronted with the purely legal question of which party received the favorable judgment within the meaning of section 1032. As defendant was required to file his notice of appeal to be timely, we will decide entitlement to costs, and remand to the trial court for a determination of the amount of costs to be awarded.

On appeal, the award was affirmed, the court finding that: "Here appellants did not 'fail to make out their case,' . . . To consider appellants as not having received a 'favorable judgment' would exalt form over substance. They certainly were the prevailing party in the lawsuit and the fact that the Gas Company did not have to actually pay them any damages was due not to any deficiency in their case, but due to circumstances not directly stemming from the issues regarding liability as litigated between the parties. Disallowance of an award of costs to appellants under these circumstances could only be based upon a hypertechnical construction of the words of section 1032, Code of Civil Procedure, unsupported by case law." (*Ferraro* v. *Southern Cal. Gas Co., supra,* 102 Cal.App.3d at pp. 52-53.)

We find the court's reasoning in *Ferraro* persuasive. Defendant acknowledges *Ferraro* but urges that it's holding is unsound and contrary to "all other cases" which have construed section 1032, Code of Civil Procedure. Defendant reasons he is the prevailing party because the zero net judgment demonstrates plaintiff did not have a cause of action for negligence at the time trial commenced as actual damages are an essential element of a cause of action for negligence. This faulty reasoning omits a critical factor. At time of trial, damages had yet to be assessed. The complete offset of an award by the amount of a settlement cannot be used to bootstrap a claim that plaintiff had no legitimate cause of action at the beginning. Plaintiff *had* a legitimate cause of action and he *prevailed* on it. The jury found defendant liable for plaintiff's injuries. The fact that plaintiff is not entitled to recover damages from defendant is due not to a failure to "make out his case," but solely to the fortuitous fact that the damages assessed by the jury equalled the sums previously received in settlement.

Cases relied upon by defendant are distinguishable. In *Fields* v. *Napa Milling Co.* (1958) 164 Cal.App.2d 442 [330 P.2d 459, 68 A.L.R.2d 1052], two plaintiffs *failed to establish defendant's liability.* One plaintiff was found to be contributorily negligent at a time when contributory negligence was a complete defense. The other plaintiff did not sustain a compensable injury. Unlike plaintiff in this case, the plaintiffs in *Fields* did not prevail on the issue of liability. Defendant relies on *Fields* for the proposition that damages are essential to a cause of action for negligence and if a plaintiff receives no net damages, he has no cause of action. The actual language of the opinion is that "a negligent act is not actionable unless it results in *injury* to another. . . ." (164 Cal.App.2d at p. 447; italics added.) In the case at bar, plaintiff sustained compensable injuries.

*Gerstein* v. *Smirl* (1945) 70 Cal.App.2d 238 [160 P.2d 585], involved a complaint and cross-complaint. The jury returned a verdict denying relief to *both* parties. The court awarded costs to the defendant. As the appellate

court pointed out, "By their verdict the jury found that *both* plaintiff and defendant were at fault, or *neither* was to blame. In any event, the finding of the jury was that plaintiff had no cause to bring suit against the defendant." (At p. 240; italics added.) The court stated defendant is entitled to costs if, as in that instance, plaintiff "fails to make out his case, . . ." (At pp. 240-241.) Here, plaintiff did not receive a defense verdict but in fact "made out his case" against defendant. Similarly distinguishable is *Schrader* v. *Neville* (1949) 34 Cal.2d 112 [207 P.2d 1057].

We conclude plaintiff received "a judgment in his favor" within the meaning of section 1032 and is entitled to costs.

### III

■ The remaining issue is whether plaintiff may recover costs of the services of expert witnesses. Code of Civil Procedure section 998, subdivision (d), provides: "If an offer [of settlement] made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the plaintiff, in addition to plaintiff's costs."

We note initially a party is not "entitled" per se to costs of the services of expert witnesses. Whether to award such costs is expressly within the discretion of the trial court. A court may exercise such discretion, however, only if defendant fails to obtain a more favorable judgment than the settlement offer. Plaintiff contends that as his settlement offer for $100,000 did not include costs incurred to the time of the offer, a trial judgment against defendant for $100,000 *plus* costs is less favorable than the offer.

If this were in fact the judgment against defendant, plaintiff's argument might have merit. (See, e.g., *Shain* v. *City of Albany* (1980) 106 Cal.App.3d 294 [165 Cal.Rptr. 69].) However, the proper judgment against defendant is that he pay nothing by way of damages because of the settlement offset and pay plaintiff's allowable costs. Plaintiff's costs were considerably less than $100,000. Had defendant accepted the settlement offer, he would have been jointly liable for the entire $100,000. Defendant obtained a more favorable judgment than he would have had he accepted the offer. Plaintiff's costs for services of expert witnesses are therefore not allowable.

### DISPOSITION

The judgment with respect to damages is reversed and the case remanded to the trial court with instructions to enter judgment that plaintiff take nothing against defendant by reason of the settlement offset of $100,000, pursuant to section 877, Code of Civil Procedure. In all other respects, the judgment is affirmed. The court is further directed to award plaintiff his costs of suit after determining the amount thereof, excluding costs for services of expert witnesses.

Regan, Acting P. J., and Blease, J., concurred.