[No. D016514. Fourth Dist., Div. One. June 16, 1993.]

COLLEEN MANTHEY, Plaintiff and Appellant, v.
SAN LUIS REY DOWNS ENTERPRISES, INC., Defendant and
Respondent.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.

COUNSEL

Dean A. Goetz and Marc Mandelblatt for Plaintiff and Appellant.

McIntosh, Schmidt & Long and Thomas A. Goeltz for Defendant and Respondent.

OPINION

**TODD, J.**—Colleen Manthey filed a complaint for personal injuries against San Luis Rey Downs Enterprises, Inc. (San Luis Rey) and others. Manthey also received workers' compensation from Fairmont Insurance Company (Fairmont) since Manthey was within the course and scope of her employment with Sam Austin Birch (Birch) at the time of her injury. Prior to trial,

Manthey offered to compromise her claim pursuant to Code of Civil Procedure section 998. The offer was rejected by San Luis Rey. Following trial, a jury rendered a verdict in favor of Manthey as against San Luis Rey. The trial court reduced the verdict to reflect a workers' compensation lien filed prior to trial by Fairmont and entered judgment in that amount. The court denied Manthey's motion to augment her costs on the grounds Manthey did not obtain a more favorable judgment within the meaning of Code of Civil Procedure section 998. The court also denied Manthey's motion to apportion attorney fees under Labor Code section 3856.[2] Manthey appeals, contending the trial court (1) erred when it deducted the workers' compensation lien before entering judgment on the jury's verdict; (2) improperly denied Manthey's motion to augment costs since the judgment, if properly entered, would have been more favorable than Manthey's Code of Civil Procedure section 998 offer, and (3) erred when it refused to award attorney fees on the common fund theory. We agree with Manthey's first two contentions, but disagree as to the third.

## FACTS

Manthey sustained serious injuries while in the course of her work for Birch. Manthey received workers' compensation benefits in the amount of $108,652.87 from Fairmont, Birch's insurer. Thereafter, Manthey sued San Luis Rey, a third party, alleging its negligence was the cause of her injuries. Fairmont filed a complaint in intervention against San Luis Rey to recover its expenditures for compensation pursuant to sections 3852 and 3853.

Approximately eight months prior to trial, Fairmont filed a notice of lien claim on "any judgment or recovery or settlement" in Manthey's suit against San Luis Rey, in the amount of $108,652.87. Fairmont then sold the lien to San Luis Rey for around $26,000.

Prior to trial, Manthey served a Code of Civil Procedure section 998 offer to compromise on San Luis Rey in the amount of $700,000. San Luis Rey rejected the offer and the case proceeded to trial. At the conclusion of the trial, the jury returned a verdict in favor of Manthey in the amount of $763,061.57.

Manthey filed three posttrial motions: (1) A motion to enter judgment in the amount of $763,061.57; (2) a motion to augment costs to include expert witness fees and prejudgment interest on the ground her judgment was more favorable than her pretrial settlement offer; and (3) a motion to award attorney fees to Manthey's attorney pursuant to section 3856, since the

---

[2]All statutory references are to the Labor Code unless otherwise specified.

attorney recovered a fund out of which the workers' compensation lien was satisfied.

In opposition to Manthey's motion to apportion attorney fees, San Luis Rey's attorney, Thomas Goeltz, contended that declarations of the attorneys showed Fairmont had actively participated in the litigation, and the declaration of Fairmont's attorney, Douglas Gabrielli, represented he and his firm participated in the case for approximately two years, and generated $16,000 in billings.[3]

The court denied all three motions. With respect to the workers' compensation lien, the court stated: "I find that this is different than a lien . . . it's a right to reimbursement . . . ." The court deducted the amount of the lien from the jury verdict and entered judgment in the amount of $654,408.70. Accordingly, the court deemed the judgment less favorable than Manthey's Code of Civil Procedure section 998 offer and refused to grant her pre-judgment interest and attorney fees. The court also declined to award attorney fees to Manthey's attorney, ruling Fairmont's attorney was an "active participant" in the creation of the fund from which the lien was satisfied.

## DISCUSSION

### I

This case raises the issue of whether a workers' compensation lien should be applied before the entry of judgment, or after judgment is entered, when deciding whether a party obtained a "more favorable judgment" under Code of Civil Procedure section 998. We hold it is error to deduct a section 3856 workers' compensation lien from a jury verdict prior to entry of judgment, and reverse.

### A. *The Nature of Fairmont's Interest in the Judgment.*

■ As an initial matter, we reject San Luis Rey's contention that the workers' compensation benefits paid to plaintiff "do not represent a lien in the true sense, but rather [Fairmont's] right to reimbursement as referred to in the statutory language of Labor Code[,] § 3856, [subd.] (c) . . ."[4] We find this a somewhat astonishing contention considering Fairmont in its

---

[3]The declarations of counsel are not included in the record on appeal. Nor do we find the declarations in the superior court's file.

[4]Section 3856, subdivision (c) provides: "If the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions . . . the court shall first order paid from any judgment for damages recovered, the reasonable litigation expenses incurred in

notice of lien claim filed on February 28, 1991, filed for, and San Luis Rey purchased "a first *lien*, pursuant to Labor Code Sections 3850 through 3864, on any *judgment* or recovery or settlement . . ." (Italics added.) On that same document, Fairmont's attorneys refer to it as the "Lien Claimant." When San Luis Rey purchased the lien, it stepped into Fairmont's shoes and gained no greater rights than those originally owned by Fairmont. (*Hone* v. *Climatrol Industries, Inc.* (1976) 59 Cal.App.3d 513, 530 [130 Cal.Rptr. 770].) Thus, the court erred in ruling: "I find that this is different than a lien . . . it's a right to reimbursement . . . ."

The interest purchased from Fairmont fits clearly the definition of a lien. A lien is "a charge imposed upon specific property, by which it is made security for the performance of an act." (Code Civ. Proc., § 1180.) "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act." (Civ. Code, § 2872.) A lien on a judgment is simply a chose in action; a lien on a future interest. "An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such cases, the lien attaches from the time when the party agreeing to give it acquires an interest in the thing, to the extent of such interest." (Civ. Code, § 2883.) Until a judgment is entered, San Luis Rey merely holds an expectancy. Had Manthey failed to obtain a judgment in her favor, the lien would simply have evaporated. (*Quinn* v. *State of California* (1975) 15 Cal.3d 162, 168-169, fn. 10 [124 Cal.Rptr. 1, 539 P.2d 761].) Throughout its brief, San Luis Rey refers to the lien as a "right to reimbursement" a "set off" and an "offset." Despite the parties' semantic differences; "that which we call a [lien], By any other word would smell as sweet."[5]

B. *Which Option Under the Labor Code Was Chosen by Fairmont?*

San Luis Rey further contends it did not purchase a lien, since Fairmont did not merely abstain from the action and take out a lien on the judgment, but rather participated in the litigation entitling it to a "right to reimbursement" under section 3856, subdivision (c). Manthey, on the other

preparation and prosecution of such action or actions, together with reasonable attorney's fees . . . . After the payment of such expenses and attorneys' fees the court shall apply out of the amount of such judgment for damages an amount sufficient to reimburse the employer for the amount of his expenditures for compensation together with any other amounts to which he may be entitled as special damages under Section 3852."

An employer's insurer is included within the definition of "employer." (§ 3850, subd. (b).)

[5]Shakespeare, Romeo and Juliet, act II, scene II, reprinted in The Complete Illustrated Shakespeare (Park Lane ed. 1979) page 174.

hand, contends Fairmont began as a party plaintiff and later chose to abstain and file a lien on the judgment.[6]

Under section 3850 et seq. Fairmont had three options to recover the benefits paid to Manthey: (1) It could bring an action directly against San Luis Rey (§ 3852), (2) join as a party plaintiff or intervene in the action brought by Manthey (§ 3853), or (3) allow Manthey to prosecute the action herself and apply for a lien against the amount of Manthey's judgment, less an allowance for litigation expenses and attorney fees (§ 3856, subd. (b)). (*Witt* v. *Jackson* (1961) 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641].)

Here, the record makes clear Fairmont chose the third option. Although Fairmont began as a party plaintiff, Fairmont later chose to abstain and file for a lien on the judgment eight months prior to trial and to sell that lien to San Luis Rey. In characterizing events similar to those at issue here, the court in *Hone, supra*, 59 Cal.App.3d 513, stated: "[U]pon the dismissal of the complaint in intervention the entire posture of the case revert[s] to that prior to filing of the complaint in intervention with [the] carrier['s] lien on file pursuant to section 3856, subdivision (b)." (*Id.* at pp. 523-524.) Thus, section 3856, subdivision (c) does not apply since that section controls only "[i]f the action is prosecuted *both* by the employee and the employer . . . ." If Fairmont had remained a formal party to the proceedings, its right to reimbursement would have been expressly set forth in both the verdict and in the judgment. (*Kuhlmann* v. *Pascal & Ludwig, supra*, 5 Cal.App.3d at p. 150.) Clearly, there was no need in this case to make such a designation since Fairmont's, and therefore San Luis Rey's, interests were protected by the lien on the judgment.

C. *A Section 3856, Subdivision (b) Workers' Compensation Lien Is Deducted After Entry of Judgment.*

Manthey correctly argues the plain language of section 3856, subdivision (b) requires the judgment in this case be entered in the amount of the verdict. Section 3856, subdivision (b) provides: "If the action is prosecuted by the employee alone, the court shall first order paid *from any judgment* for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's

---

[6]We note the choice between pursuing remedies under sections 3856, subdivision (b) or 3856, subdivision (c) makes no difference in the outcome of this case. Under both sections the employer is entitled to reimbursement out of the *judgment*, not the verdict. (See Discussion I, § C, *post.*) Where, as here, there is no issue as to the amount of the intervener's claim, both the verdict and the judgment should expressly designate the plaintiff-employee and the employer/insurer-intervener and any segregation of the total judgment pursuant to section 3856, subdivision (c) should be made by the court, *after* entry of judgment. (*Kuhlmann* v. *Pascal & Ludwig* (1970) 5 Cal.App.3d 144, 150-151 [85 Cal.Rptr. 199].)

fee . . . . After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien *against the amount of such judgment for damages*, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852." (Italics added.) This section requires in unambiguous language, that a workers' compensation lien be satisfied out of the *judgment* and not the verdict. "It is for the court, *after judgment has been entered* (*or concurrently therewith*), to make the orders provided for by subdivision (b) of section 3856 of the Labor Code." (*Kuhlmann, supra,* 5 Cal.App.3d at p. 150, italics added.) "If the employer elects [to abstain and claim a lien on the judgment] . . . it is clear that the jury is not concerned, in arriving at its verdict, with the rights of the employer and that the verdict and judgment may properly refer only to the plaintiff and to the third party tortfeasor." (*Ibid.*)

The workers' compensation lien is an interest in future acquired property, and that property—the judgment—does not exist until a judgment has been entered. Fairmont is not entitled to a lien on the verdict, but only on the judgment when it is entered. Thus, it is error to offset the amount of the lien against the verdict. Rather, the lien should be taken in partial satisfaction of the judgment after it is entered.

Moreover, the Legislature in enacting section 3856, created a priority scheme which assures the worker the services of an attorney by guaranteeing priority to attorney fees in the event a judgment is insufficient to recompense the worker and satisfy the employer's claim. (*Quinn v. State of California, supra,* 15 Cal.3d at pp. 169-170; *Walsh v. Woods* [*Walsh I*] (1982) 133 Cal.App.3d 764, 767-768 [184 Cal.Rptr. 267]; cf. *Eldridge v. Truck Ins. Exch.* (1967) 253 Cal.App.2d 365, 366 [61 Cal.Rptr. 347] [apportionment priority denied where recovery produced no "benefit" to employee].) It would therefore be contrary to the purpose of the statute to adopt the interpretation urged by San Luis Rey. Allowing an employer/insurer to satisfy its lien out of the *verdict* before entry of judgment would give first priority to the lien creditor and would upset the priority scheme set forth in section 3856 which requires payment of reasonable litigation expenses and attorney fees "first," i.e., before reimbursing the employer/insurer for compensation expenditures. (See, e.g., § 3856, subds. (a)(b) & (c).)

San Luis Rey mistakenly relies on *Syverson v. Heitmann* (1985) 171 Cal.App.3d 106 [214 Cal.Rptr. 581], in support of its position. There, the court held when a plaintiff stipulates to the amount of a settlement before the court, the court should reduce the jury's verdict by the amount paid in settlement before entering judgment on the verdict. (*Id.* at p. 111.) However,

*Syverson*, dealt with the application of Code of Civil Procedure section 877 which " 'requires that a *judgment* be reduced by amounts paid by settling joint tortfeasors.' " (171 Cal.App.3d at p. 110, quoting *Jaramillo* v. *State of California* (1978) 81 Cal.App.3d 968, 971 [146 Cal.Rptr. 823], italics in original.) There, the court did not address the application of section 3856 which provides for a "lien against the amount of [the] *judgment . . . .*" (§ 3856, subd. (b), italics added.) While the sale of the lien from Fairmont to San Luis Rey may technically represent a "settlement," a workers' compensation lien is treated differently from a settlement made by a joint tortfeasor because of the priority scheme set up by the Labor Code. Again, in purchasing the lien, San Luis Rey stepped into Fairmont's shoes and gained no greater rights than originally owned by Fairmont at the time of the sale. (See *Hone* v. *Climatrol Industries, Inc., supra*, 59 Cal.App.3d at p. 530.) The lienholder is not allowed to take first priority by having the amount of the lien offset from the jury's verdict, thus insuring payment of 100 percent of the lien. Under section 3856, the employer/insurer is entitled only to reimbursement out of the judgment after payment of expenses and attorney fees.

## II

■ Since Manthey should have properly received a judgment in the amount of $763,061.57, the court erred in finding Manthey did not receive a more favorable judgment than her $700,000 Code of Civil Procedure section 998 offer.

Code of Civil Procedure section 998, subdivision (d) vests the trial court with the discretion to award costs to a plaintiff in the event the defendant rejects plaintiff's settlement offer and fails to obtain a more favorable judgment at trial.[7] "[T]he Legislature adopted [Code of Civil Procedure section 998] to encourage early settlement of lawsuits to avoid the time delay and economic waste of trial, and to reduce the number of meritless lawsuits by requiring the losing party to pay the costs incurred by the prevailing party." (*Culbertson* v. *R.D. Werner Co., Inc.* (1987) 190 Cal.App.3d 704, 711 [235 Cal.Rptr. 510].) There is nothing contrary to the purpose of this section in finding Manthey obtained a more favorable judgment within the meaning of its provisions despite the fact that the judgment she received had a lien against it. Manthey had a meritorious claim and the later deduction of a lien from the judgment has no effect on the

---

[7]Code of Civil Procedure section 998, subdivision (d) provides: "If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the plaintiff, in addition to plaintiff's costs."

validity of Manthey's claim. (See *Culbertson, supra,* 190 Cal.App.3d at p. 708 [party making Code of Civil Procedure section 998 offer need not take into account a lien against the judgment when making the offer].) We therefore remand with instructions that the court exercise its discretion pursuant to Code of Civil Procedure section 998 in determining whether Manthey is entitled to costs and expert witness fees.

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The matter is affirmed in part and reversed in part and remanded for proceedings consistent with this opinion. Manthey is awarded costs on appeal.

Work, Acting P. J., and Huffman, J., concurred.

---

*See footnote 1, *ante,* page 782.