112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George M. DAVILA; Christine Davila, Plaintiffs-Appellees,
v.
Franklin M PERELMAN, Defendant-Appellant.
 No. 95-55898.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franklin Perelman appeals pro se a jury verdict awarding George and Christina Davila $7,000 in damages for slander of title and negligent interference with economic relationship or prospective economic advantage. We affirm.
 
 I.
 
 3
 The district court did not err in denying Perelman's three motions for a new trial. Contrary to Perelman's assertions, the district court did, in fact, modify Jury Instruction 11m as Perelman requested. Moreover, Perelman stipulated to Jury Instruction 11q prior to trial. As a result, it was not error for the district court to give Jury Instructions 11m and 11q at trial.
 
 II.
 
 4
 The district court also did not err in giving Jury Instruction 33 at trial. Not only did Perelman stipulate to Instruction 33 prior to trial, the instruction correctly states the applicable California law and adequately covers the issues presented by this case. See Shepherd v. Walley, 28 Cal.App.3d 1079, 1082 (1972).
 
 III.
 
 5
 Perelman's claim that the jury erred in finding that he slandered the Davilas' title to Parcel 15 is without merit. We will not disturb a jury's verdict unless the appellant can demonstrate that the verdict is not supported by "substantial evidence," that is, by "such relevant evidence reasonable minds might accept as adequate to support the jury's conclusion." Sanders v. Parker Drilling Co., 911 F.2d 191, 193-94 (9th Cir.1990). Perelman has not provided this Court with any evidence in support of his claim that he innocently recorded the quitclaim, that Mahler intended to convey Parcel 15 to him but accidentally failed to exclude Parcel 15 from the Grant Deed to the Davilas, or that the Davilas could have mitigated their damages either by excluding Parcel 15 from the property to be sold to the Horns or by granting him an easement. As a result, Perelman has not carried his burden of showing that the jury's verdict was not supported by substantial evidence.
 
 IV.
 
 6
 The district court did not err in refusing to permit Perelman to introduce maps not listed on the parties' joint trial-exhibit list. Perelman stipulated to the list. Moreover, because Perelman has provided no transcript on appeal, we have no way of knowing whether Perelman even attempted to introduce the maps at trial, or of assessing what, if any, effect those maps would have had at trial. Lastly, to the extent that the maps purported to represent the Property, the maps were cumulative of Exhibit 1.
 
 V.
 
 7
 Finally, Perelman's claim that he was entitled to 12 jurors is without merit. He was entitled to only six jurors under Rule 48 of the Federal Rules of Civil Procedure and under Rule 13.1 of the Central District Local Rules.
 
 VI.
 
 8
 The district court's judgment is AFFIRMED.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3