[Civ. No. 16061. Third Dist. June 21, 1978.]

FRANK LEE JARAMILLO, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Johnson & Borgman and Richard Wesley Johnson for Plaintiff and Appellant.

Hoffman, Mayhew & Gallawa, Ellis J. Horvitz, Irving H. Greines and Daniel H. Willick for Defendant and Respondent.

**OPINION**

**PUGLIA, P. J.**—The defendant State of California (State) has filed a motion to dismiss the appeal of plaintiff Frank Jaramillo. For the reasons which follow, we conclude the motion must be granted.

The history of this action can be summarized briefly. While operating his motorcycle on a highway controlled by the State, plaintiff collided with an automobile driven by Carter B. Jones and sustained personal injuries. On May 23, 1972, plaintiff filed his complaint for damages for personal injuries against the State, Jones and McKeon Construction Company, the owner of the car driven by Jones.

Prior to trial, plaintiff settled his claims against Jones and McKeon for $350,000 and they were dismissed from the case. He then proceeded to trial against the State on the theory that it had negligently maintained the roadway where the accident took place.

In special findings, the jury found the total amount of plaintiff's damages was $500,000; that plaintiff's negligence was responsible for 33.3 percent of the damage; that 66.7 percent of the damage was attributable to the negligence of the State and Jones. In its verdict, the jury found for plaintiff and against State, and after deducting 33.3 percent of the damages from the total thereof, assessed damages of $333,500 against the State. From this award the trial court set off $350,000, the amount of the settlement with Jones and McKeon, as required by Code of Civil Procedure section 877. As a result of the reduction of the judgment, plaintiff recovered nothing from the State.

■ On appeal, plaintiff contends that under the principles set forth by the California Supreme Court in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], he is entitled to judgment against the State for the proportion of his total damages which bears the same relationship thereto as the State's proportion of fault bears to the whole, regardless of plaintiff's previous settlements with other tortfeasors. Plaintiff also argues the corollary proposition that judgments against defendants in multiple party litigation must "be reduced by the proportion of liability attributable to settled co-tortfeasors rather than by the amount of consideration given for the settlement."

Assuming there had been no settlement, plaintiff would not recover his total damages; they would have to be reduced in the proportion plaintiff's responsibility for his injuries bears to the whole since he can recover only those damages not occasioned by his negligence. (*Li* v. *Yellow Cab Co., supra,* 13 Cal.3d at p. 829.) Furthermore, a plaintiff may not recover in excess of the amount of damages which will fully compensate him for his injury. (*Fuller* v. *Capitol Sky Park* (1975) 46 Cal.App.3d 727, 732-733 [120 Cal.Rptr. 131]; *Mozzetti* v. *City of Brisbane*

(1977) 67 Cal.App.3d 565, 576 [136 Cal.Rptr. 751]; Civ. Code, § 3333.) Plaintiff's interpretation of the *Li* decision, however, would permit him to recover damages attributable to his own negligence and would also violate the prohibition against double recovery. Moreover, Code of Civil Procedure section 877 requires that a judgment be reduced by amounts paid by settling joint tortfeasors. This statutory directive of itself defeats plaintiff's claim. (See *Stambaugh* v. *Superior Court* (1976) 62 Cal.App.3d 231, 236 [132 Cal.Rptr. 843].)

Any lingering doubts on the merits of plaintiff's position have now been completely dispelled by the decision in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899]. In that case the court reaffirmed the doctrine of joint and several liability. (20 Cal.3d at pp. 583, 586-591.) More significantly, the court categorically rejected plaintiff's main thesis: "Moreover, to preserve the incentive to settle which section 877 [of the Code of Civil Procedure] provides to injured plaintiffs, we conclude that a plaintiff's recovery from nonsettling tortfeasors should be diminished only by the amount that the plaintiff has actually recovered in a good faith settlement, rather than by an amount measured by the settling tortfeasor's proportionate responsibility for the injury." (20 Cal.3d at p. 604.)

Plaintiff characterizes the foregoing language as dicta, and so it is. Nonetheless we decline his invitation to avoid its plain meaning. In the aftermath of *Li* v. *Yellow Cab, supra,* 13 Cal.3d 804, the Supreme Court has been endeavoring to formulate rules by which to implement the doctrine of that case and allay the confusion engendered by its sudden announcement. Impeded by the inherent unsuitability of the judicial process to promulgate forthwith comprehensive changes in the law, the Supreme Court must make do with those vehicles which fortuitously present themselves in order to accomplish the task. (In addition to *American Motorcycle, supra,* 20 Cal.3d 578, see *Daly* v. *General Motors Corp.* (1978) 20 Cal.3d 725 [144 Cal.Rptr. 380, 575 P.2d 1162]; *Safeway Stores, Inc.* v. *Nest-Kart* (1978) 21 Cal.3d 322 [146 Cal.Rptr. 550, 579 P.2d 441].) Accordingly, we do not view the *American Motorcycle* dicta as inadvertent, ill-considered or a matter lightly to be disregarded.

Plaintiff makes the final point that there was "jury confusion" concerning the amount of the verdict to be rendered against the State; that the failure of the trial court to require a specific apportionment of fault between the State and the settling defendants precluded ascertainment of the jury's true intent. In his opening brief he states: "For

example, the jury could well have meant that Defendant CARTER JONES' negligence was zero per cent and the STATE's was 66.7 per cent, thereby intending that the STATE pay the entire $333,500 without reference to or credit for any settlement with JONES."

Even assuming the correctness of this supposition, it would not benefit plaintiff since in no event could he recover more for this accident than the $350,000 he had already been paid.

Simple mathematics establishes the amount to which plaintiff was entitled had there been no offsetting settlement. The difference in language between the jury's special finding, which speaks of the proportion of the negligence attributable without differentiation to the State and Jones and the verdict, which assessed damages only against the State, is totally irrelevant.

For the foregoing reasons, we conclude that plaintiff is not a "party aggrieved" within the meaning of Code of Civil Procedure section 902 such that he may maintain this appeal. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 736-737 [97 Cal.Rptr. 385, 488 P.2d 953]; *Moore* v. *Younger* (1976) 54 Cal.App.3d 1122, 1125-1126 [127 Cal.Rptr. 171].)

The appeal is dismissed.

Regan, J. and Janes, J., concurred.