In re PIPER AIRCRAFT.

Christopher VERBIL, Plaintiff,

v.

AVCO CORPORATION, Piper Aircraft Corporation, et al.

and consolidated actions.

Nos. C 89–20290 JW, C–89–20377 JW, C–89–20390 SW and C–89–20402 JW.

United States District Court,
N.D. California,
San Jose Division.

April 27, 1992.

Second Amended Final Judgment
May 5, 1992.

Philip R. McCowan, Popelka, Allard, McCowan & Jones, San Jose, Cal., Thomas J. Brandi, Bianco, Brandi & Jones, San Francisco, Cal., Richard D. Gorman, Gerstl & Gorman, Inc., Monterey, Cal., David E. Malnick, Law Offices of David Malnick, Cupertino, Cal., for plaintiffs.

Georgia K. Van Zanten, Pillsbury Madison & Sutro, San Jose, Cal., James A. Irwin, Irwin & Kimball, Los Angeles, Cal., for defendants.

ORDER RE DEFENDANT'S MOTIONS FOR ORDER COMPELLING SET OFF; TO STRIKE PREJUDGMENT INTEREST; FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND FOR NEW TRIAL; PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

WARE, District Judge.

## I. INTRODUCTION

This action raises an issue of first impression. Defendant AVCO Corporation

moves for an amendment of the Judgment which requires the Court to construe in conjunction two statutory provisions, Cal. Code Civ.Proc. § 877(a) (West 1980 & Supp. 1992) and Cal.Civ.Code § 1431 et seq. (West 1982 & Supp.1992). These statutory provisions concerning applicable set offs for pre-verdict settlements and the apportionment of damages have not as yet been construed together.

## II.  BACKGROUND

The judgment against AVCO was arrived at after a jury trial. The case arose from the crash of a Piper PA–28R–200 aircraft on December 5, 1987 in San Jose, California. Three passengers, Sherman, Jones and Smith died as a result of the crash and the pilot, Verbil sustained serious injuries. The families of the deceased passengers and Verbil filed separate actions against AVCO and Piper Aircraft which were consolidated for trial and pretrial proceedings. Prior to the trial, Piper Aircraft was dismissed from the suit and Verbil's insurer paid awards to Plaintiffs Sherman, Jones and Smith in settlement of claims against Verbil.

### A.  *Jury Verdict and Judgment*

The jury found AVCO liable for Plaintiffs' injuries and found comparative fault on the part of Plaintiff Verbil. The jury held Verbil responsible for 16% of the injury to Plaintiffs and AVCO responsible for 84%. The awards to each Plaintiff were identified as either economic or non-economic damages and in entering the judgment, the Court applied Cal.Civ.Code § 1431.2 and reduced AVCO's liability for non-economic damages based on the 16% comparative fault attributed to Plaintiff Verbil.

The jury was not informed of the pre-verdict settlement awards paid by Verbil's insurer. However, the jury's award figures were adjusted so that the judgment against AVCO reflected a partial credit based on that percentage of the settlement award which represented Plaintiffs' economic damages. The adjustment to the jury awards were based on recommendations submitted in Plaintiffs' ADJUSTMENTS TO THE JURY'S AWARD OF DAMAGES[1]. *See also* Judgment.

### B.  *The Present Motions*

Several motions are before the Court. The Defendant moves for an alteration in the judgment under Fed.R.Civ.P. 59 and seeks an order compelling a set off for the total amounts paid by Verbil's insurance to the remaining three Plaintiffs in the pre-verdict settlement agreement. AVCO also seeks to strike the award of prejudgment interest on the ground that it was not included in the jury award nor is it appropriate for this case.

Finally, the Defendant moves for a new trial and for judgment notwithstanding the verdict and Plaintiff Verbil presents a motion for judgment notwithstanding the verdict. The Court does not find the motions for a new trial and for judgment notwithstanding the verdict compelling.

In its motion for an order compelling a set off, AVCO argues that the Court erred by failing to apply Cal.Code Civ.Proc. § 877(a) which would have provided a set off to AVCO for the total amount paid to the Plaintiffs by Verbil's insurer. Plaintiffs agree that AVCO is entitled to a set off for the economic damages which they recovered through the prior settlement agreement. Moreover, Plaintiffs note that the judgment entered reflects a partial credit for AVCO based on the proportion of the settlement recovery which represented economic damages. But they argue that under the applicable provisions of Cal.Civ. Code, §§ 1431.1, 1431.2, AVCO is not entitled to a set off for any non-economic damages paid as part of the settlement.

The Court finds that § 877(a) applies in this case and that AVCO is entitled to a set off for economic damages previously compensated through the settlement agreement. However, the Court finds that

---

**1.** Filed December 4, 1991 under Case No. C–89–20377, *Estate of Robert E. Smith, et al. v. AVCO*  *Corp., et al.*

§ 1431.2, which provides for several liability for non-economic damages is also applicable. AVCO is not entitled to a set off for non-economic damages paid as part of the pre-verdict settlement agreement. In addition, since the jury's award figures were adjusted to reflect a credit for economic damages, AVCO is not entitled to any further set off.

## III. DISCUSSION

### A. *The Statutory Provisions*

1. Applicability of Cal.Code Civ.Proc. § 877(a)

■ Section 877(a) provides that a judgment against a non-settling tortfeasor shall be reduced by the amount paid prior to verdict by a settling joint tortfeasor. Subsection (a) states in pertinent part that a settlement entered into in good faith before judgment or verdict:

> [S]hall not discharge any other such party from liability ... but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater.

Cal.Code Civ.Proc. § 877(a) (West 1980 & Supp.1992).

AVCO notes that as joint tortfeasors, Verbil and AVCO are jointly liable for all economic damages sustained by the Plaintiffs. AVCO reasons that the awards entered through the settlement agreement must be set off from the awards entered by way of judgment from the trial without distinguishing whether the settlement amounts are economic or non-economic.

Plaintiffs accede that AVCO is entitled to a set off for economic damages paid by Verbil's insurance company to each of the remaining three Plaintiffs. They note that such a set off was included in the adjustments submitted to the Court and reflected in the Judgment. However, Plaintiffs maintain that Cal.Civ.Code § 1431.2 is also applicable to the instant situation and rea-

son that AVCO is not entitled to a set off for any non-economic damages awarded as part of the pre-verdict settlement agreement with Verbil.

The language of the first paragraph of § 877 provides that the release be entered in good faith.[2] Here, there have been no allegations that the pre-verdict settlement was not a good faith settlement which would preclude the applicability of § 877. *See, Federal Sav. and Loan Ins. Corp. v. Butler*, 904 F.2d 505, 512 (9th Cir.1990) (noting that provisions of section 877 require that settlement must be in good faith.); *Tech–Bilt, Inc. v. Woodward–Clyde & Assoc.*, 38 Cal.3d 488, 213 Cal. Rptr. 256, 259–61, 698 P.2d 159, 163–65 (1985) (reviewing history preceding enactment of § 877 and § 877.6 and rationale of good faith provision); *American Motorcycle Ass'n v. Superior Court*, 20 Cal.3d 578, 146 Cal.Rptr. 182, 198, 578 P.2d 899, 915 (1978) (noting good faith requirement and policy considerations underlying § 877); *River Garden Farms, Inc. v. Superior Court*, 26 Cal.App.3d 986, 103 Cal.Rptr. 498, 503–05 (1972) (construing good faith clause of § 877).

The Court concludes that § 877(a) applies and AVCO is entitled to a set off. But the Court is not persuaded by Defendant's arguments regarding the existence of a conflict between § 877(a) and § 1431.2, and believes that the two provisions can be applied without engendering conflict.

2. Applicability of Cal.Civ.Code §§ 1431.1, 1431.2

As provided in § 1431.1, "Findings and declaration of purpose," the statute was passed to redress the perceived inequity of the deep pocket rule. Section 1431.1 states that "defendants in tort actions shall be held financially liable in closer proportion to their degree of fault. To treat them differently is unfair and inequitable."

Section 1431.2 clearly provides that defendants' liability for non-economic dam-

---

**2.** "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment...." Cal.Code Civ.Proc. § 877 (West 1980 & Supp.1992).

ages shall be several only and shall not be joint. Moreover, the statute states:

> Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

Cal.Civ.Code § 1431.2(a) (West Supp.1992).

At oral argument, Defendant maintained that § 1431.2 was intended to address the issue of where the risk of insolvency is to be placed and that the statute is not controlling in the present situation. The Defendant reasons that under § 877(a), it is entitled to a set off of the full amounts paid by Verbil's insurance company to each of the three Plaintiffs.

This argument is not persuasive. Section 1431.2 seems strikingly clear in its intent to apportion liability for non-economic damages among concurrent tortfeasors. Thus, while a set off for amounts of economic damages awarded through a settlement agreement are appropriate under both § 1431.2 and § 877(a), pursuant to § 1431.2, there should be no set off for the non-economic damages awarded as liability for these damages arises separately.

### 3. The Two Statutory Provisions Are Not In Conflict

Passed by voter initiative in 1986 as the Fair Responsibility Act, § 1431 et seq. altered the law regarding joint and several liability by abolishing joint liability for non-economic damages. The purpose of the statute, as noted above, was to abrogate the "inequity of the deep pocket rule" by which a defendant who was perceived to have substantial financial resources was included in a lawsuit although that defendant was only minimally at fault. Cal.Civ. Code § 1431.1 (West Supp.1992)

The Court does not see an inherent conflict between the policy rationale of § 1431.2 and the mandate of § 877(a) to provide a set off for a pre-verdict award of a non-settling tortfeasor. Both statutes seek to ensure the fair apportionment of damages and the equitable distribution of

loss. The goal of equitable sharing of loss has been a long-standing goal of tort doctrine as has the encouragement of settlement. *Tech–Bilt*, 213 Cal.Rptr. at 259, 698 P.2d at 163 (reaffirming the propriety of courts' attempts to accommodate goals of equitable sharing and encouragement of settlements even when these objectives are not always harmonious). Moreover, as the California Supreme Court recognized in *Tech–Bilt*, "neither statutory goal should be applied to defeat the other." *Id.* (quoting *River Garden Farms, Inc.* 103 Cal. Rptr. at 506). *See also*, Robert N. Pafundi, *Proposition 51 Takes Hold: New Problems Emerge For Partial Settlements In Multi–Tortfeasor Litigation*, 10 Cal.Lawyer 48 (July 1990) (noting that the equitable distribution of loss was integral to Proposition 51 [§ 1431.2] and to the law of good faith of partial settlements).

The effect of § 877(a) is to reduce the claims against other *joint* tortfeasors. In construing § 877(a), state courts and the Ninth Circuit have noted the intent of § 877 is to encourage settlement and provide for the equitable sharing of loss. *Federal Sav. and Loan Ins. Corp.*, 904 F.2d at 513; *Arbuthnot v. Relocation Realty Service Corp.*, 227 Cal.App.3d 682, 278 Cal. Rptr. 135, 137 (1991) (citations omitted). Thus, equitable sharing of loss is a significant concern of both statutory provisions.

Sound policy considerations also militate against allowing a set off for damages for which defendants are severally liable. In *Wilson v. Galt*, 100 N.M. 227, 668 P.2d 1104 (Ct.App.1983), a New Mexico appeals court considered the issue and this Court concurs with its reasoning. The New Mexico court held that set offs for pre-verdict awards should not be applied to non-settling tortfeasors who are severally liable. The Court observed that to allow set off would engender situations in which non-settling tortfeasors would be able to take advantage of the good faith efforts of settling tortfeasors. *Id.*, 668 P.2d at 1109. The application of set offs in situations of several liability would discourage rather than encourage settlement.

As California no longer recognizes joint liability for non-economic damages in actions such as the instant one,[3] the Court concludes that only economic damages should be set off. By declining to provide a set off for an award based on a tortfeasor's several liability, the Court complies with the provisions of § 1431.2 as well as § 877(a). One commentator has noted that the language of § 877 "refers to discharge of joint obligations only," Pafundi, *supra*, at 50. Under § 1431.2, liability for non-economic damages is no longer joint, but is only several. Thus, § 877 impliedly provides that no credit should be given to a non-settling tortfeasor for non-economic damages paid as part of the pre-verdict settlement agreement.

### B. *Pre-verdict Settlement Agreement and Adjustment to Jury Awards*

An additional wrinkle in the instant case is provided by the fact that the amounts awarded in the settlement agreement were not identified as being either economic or non-economic damages. At oral argument, Plaintiffs advised the Court that the arbitrator involved in the settlement heard evidence from each Plaintiff on both economic and non-economic damages but did not break down the awards into respective categories. Copies of the analyses of economic damages submitted to the arbitrator were included as exhibits in the ADJUSTMENTS TO AWARD OF JURY'S DAMAGES.

In arriving at the adjustments, Plaintiffs calculated the economic damages portion to be credited to AVCO as a percentage of the settlement award and then subtracted that percentage from the jury award. Plaintiffs thus reason that no further set off is warranted. Defendant argues that it is entitled to a set off for the entire amount paid to each Plaintiff by Verbil's insurance company as part of the settlement.

### 1. Arbitrator's Calculation of Damage Awards

Plaintiff Verbil's insurance was limited to $1 million dollars. To resolve disputes among parties with competing interests, the Plaintiff and claimants against Verbil's insurance engaged a retired Superior Court Judge as a Special Master to assess each claim and make awards ignoring the insurance limits. The Special Master appears to have made an award which gave each claimant full economic and non-economic damages. Using the Special Master's award as 100%, the Plaintiff and the claimants determined the relative percentage of each award and applied that percentage to the total available sum of $1 million dollars. The actual settlement paid by the insurance company reflects that percentage of $1 million.

Plaintiffs contend that the Court should follow the reasoning used in the ADJUSTMENTS TO JURY'S AWARD OF DAMAGES and base its determination of the economic damage portion of the settlement payment on the ratio of economic damage to non-economic damages used by the Special Master. As an example, since the Smith family's economic loss represented 12.3% of the Special Master's award figure of $2,500,000, then 12.3% of the $552,240 actually paid to Smith or $67,925.52, should be allowed as a set off. This is the calculation formula that was utilized in the ADJUSTMENTS TO JURY'S AWARD OF DAMAGES.

Defendant contends that it is entitled to a set off of the entire amount paid by the insurance company to each Plaintiff.

The Court concludes that since the settlement was a pro rata[4] reduction of the Special Master's award, the Defendant is only entitled to a pro rata set off in the amount which represents payment of economic loss. The adjustments made to the jury's award and stated in the Judgment reflect such a pro rata reduction.

---

**3.** Section 1431.2(a) provides in pertinent part that several liability shall apply "[i]n any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault...." (West Supp.1992).

**4.** The Court is using the term "pro rata" in the following sense: "Proportionately; according to a certain rate, percentage, or proportion." *Black's Law Dictionary* 1098 (5th ed. 1979).

For clarity, the calculations of the set off for damages to each Plaintiff are provided below.

2. Set Off Amounts for AVCO as Reflected in Judgment

a) *Smith Family:*

Actual Economic Damages: $308,100
Settlement Award Figure: $2,500,000
Economic Damages represent 12.3% of Award.
Plaintiff Actually Recovered $552,240 from Verbil, 12.3% of $552,240 = $67,925.52.

The Judgment reflects a set off for $67,925.52 against the jury award of economic damages for the Smith Family.

b) *Jones Family*

Actual Economic Damages: $87,951
Settlement Award Figure: $500,000
Economic Damages represent 17.5% of Award.
Plaintiff Actually Recovered $110,440 from Verbil, 17.5% of $110,440 = $12,192.57.

The jury awarded NO economic damages to Plaintiff Jones. Therefore no set off was given for economic damages paid through the settlement. However, as noted previously, the Judgment for non-economic damages to each Plaintiff does reflect a 16% reduction for the comparative fault attributed to Verbil.

c) *Sherman Family*

Actual Economic Damages: $573,330
Settlement Award Figure: $1,250,000
Economic Damages represent 45.8% of Award.
Plaintiff Actually Recovered $276,120 from Verbil, 45.8% of $276,120 = $126,462.96.

The Judgment reflects a set off of $126,462.96 against the jury award of economic damages for the Sherman Family.

## IV. CONCLUSION

The Court finds that under Cal.Code Civ. Proc. § 877(a) and Cal.Civ.Code § 1431.2, AVCO was entitled to a set off for the portion of economic damages paid in a settlement agreement between Verbil and the three remaining Plaintiffs. The Court also concludes that basing the set off amounts on the percentage of the settlement award represented by economic damages renders the set off in harmony with the goals of assuring equitable distribution of loss and encouraging settlement. The Judgment entered by the Court reflected such a credit for economic damages. Therefore, Defendant's motion for an order compelling set off is DENIED.

The Defendant's motions for a new trial and for judgment notwithstanding the verdict are DENIED. The trial was fair and just.

Defendant's motion to strike prejudgment interest is GRANTED. Prejudgment interest is not warranted in the instant case.

Plaintiff Verbil's motion for judgment notwithstanding the verdict is DENIED. There was ample evidence upon which a jury could make a determination of Plaintiff's comparative fault.

IT IS SO ORDERED.

## SECOND AMENDED FINAL JUDGMENT

Pursuant to Fed.R.Civ.P. 60(a), the Court hereby amends the prior AMENDED FINAL JUDGMENT to correct a clerical error made in the amount of recovery stated for the Smith Family Plaintiffs. The judgment remains unchanged in all other respects.

The Court heretofore has made its order striking pre-judgment interest and clarifying the final judgment pursuant to the jury verdict. Good Cause Appearing therefore, the final judgment pursuant to jury verdict is hereby amended.

In accordance with the Court's order:

1. Plaintiffs shall not recover pre-judgment interest.

2. Plaintiffs' awards shall reflect a reduction, pursuant to the application of Cal. Civ.Code § 1431.2, of the non-economic damages awarded based on the comparative fault of Plaintiff Verbil.

3. Plaintiffs' awards shall also reflect a reduction based on the damages awarded through a pre-verdict settlement agreement, as provided by Cal.Code Civ.Proc. § 877 and the Court's Order.

4. Plaintiff Christopher Verbil shall recover from defendant Avco Corporation the sum of $2,100,000.00, and the costs of his action.

5. The Smith Family Plaintiffs (Mary Francis Smith, Cynthia A. Smith Collinge, Kathleen M. Smith Dunn, Robert E. Smith, Jr., Christopher Smith) shall recover from Defendant Avco Corporation $366,074.48, and the costs of their action.

6. The Jones Family Plaintiffs (Dura Jones and Virginia Jones) shall recover from Defendant Avco Corporation $168,000.00, and the costs of their action.

7. The Sherman Plaintiffs (Charles E. Sherman, Jr., Charles E. Sherman, III, Eric P. Sherman, Kathleen Sherman) shall recover from Defendant Avco Corporation $793,537.04 and the costs of their action.

LET JUDGMENT BE ENTERED ACCORDINGLY.